[No. 2618.   Decided December 18, 1897.]

F. W. BAKER, *Appellant*, v. GEORGE F. MEACHAM, *as Treasurer of the City of Seattle, Respondent.*

MUNICIPAL BONDS — PAYMENT IN INSTALLMENTS BY SPECIAL ASSESSMENT —APPLICATION OF ASSESSMENTS.

Under Laws 1893, p. 231 (Bal. Code, §§ 1185-1189), providing for the issuance of bonds payable in ten annual installments, to cover the expense of street improvements and sewer construction, and providing for the annual levy and collection of special assessments upon the property benefited " to redeem the installments of such bonds next thereafter maturing," moneys arising from an assessment to pay any installment coming due cannot be applied to the payment of bonds which have matured prior thereto and which remain partly unpaid by reason of failure to fully collect the assessments levied to meet them.

Appeal from Superior Court, King County.—Hon. WILLIAM HICKMAN MOORE, Judge.   Affirmed.

*Ira Bronson,* for appellant.

*John K. Brown,* and *F. B. Tipton,* for respondent.

The opinion of the court was delivered by

SCOTT, C. J.—In May, 1894, the city of Seattle passed an ordinance providing for the improvement of streets and the construction of sewers at the expense of the property benefited, and for the issuance of bonds therefor, payable in installments, pursuant to an act of the legislature (Laws

1893, p. 231, Bal. Code, §§ 1185-1189), and also provid-
ing for the levying and collection of special assessments up-
on the property benefited to pay the amounts becoming due
on the bonds, from time to time. And thereafter, in Sep-
tember, 1894, passed an ordinance providing further for
the improvement of Kilbourn avenue and George street as
aforesaid. A contract was let accordingly, the improve-
ments constructed and bonds issued in denominations of
$500 each, divided into ten coupons of $50 each numbered
from one to ten; coupons number one falling due one year
from date of issuance, number two in two years, and so on
for a period of ten years, and delivered said bonds to the
contractor. The plaintiff is the owner of certain of said
coupons number one which matured on the 7th day of
March, 1896. The city caused a special assessment to be
levied on the property benefited to pay the first annual in-
stallment of all said bonds with interest, upon which was
collected an amount sufficient to pay 47 per cent. on all
of said first coupons, and such sum was duly paid by the
treasurer of said city to the holders thereof, including the
plaintiff. A balance remained unpaid of 53 per cent. upon
all of them.

Thereafter another special assessment was levied for the
purpose of paying the second annual installment and in-
terest, represented by coupons number two, of which was
collected a sum sufficient to pay 30 per cent. thereof. But
the plaintiff demanded that such moneys should be applied
upon the balance remaining due upon his coupons number
one in their due proportion and that the same must be paid
in full before any of the proceeds of the second assessment
could be paid on coupons number two.

The court held that he was not entitled to any part of
the second assessment, and he has appealed. The only ques-
tion presented is whether the holders of coupons number

one are entitled to have them paid from the proceeds of the second and subsequent assessments, before any later maturing coupons can be paid.

The appellant contends that the provisions of the act of the legislature aforesaid (Bal. Code, § 1185), directing that—

" Where district bonds are issued under this act for improvements, the cost of which is by law charged by special assessment against specific property, the mayor and council, or other authorized officer, board or body, shall levy special assessments each year sufficient to redeem the installments of such bonds next thereafter maturing"

do not control or in any way direct the city treasurer to pay the funds arising from each assessment upon the coupons falling due, next thereafter, as against coupons of the same series which matured prior thereto, and contends that the holding of this court in *Eidemiller v. Tacoma*, 14 Wash. 376 (44 Pac. 877), requires the prior coupons to be paid in full before any subsequent ones can be paid in whole, or in part. But we do not think that this decision applies to this case, as it related to the payment of warrants drawn on the general fund which, if exhausted, could be replenished by subsequent tax levies. It will be observed that the act provides for the levy of an assessment each year sufficient to redeem the installment next thereafter maturing. This clearly indicates the intention, that the amounts collected, by virtue of said assessments respectively, shall be applied upon the installments for which they were levied, otherwise, if the holders of prior coupons are entitled to be first paid in full, regardless of the year the assessment was levied in, the holders of the last coupons might receive nothing, in case the value of some of the property was less than the amount charged against it so that the assessments could not be collected.

This would be unjust and contrary to the spirit, as well as the plain provisions, of the law. The act gives the right to the holders of coupons to foreclose only on the assessment levied for the year in which they matured (see section 2, Bal. Code, § 1186), thus again limiting their rights to such assessment; and the plaintiff was not entitled to have any part of the amount collected on the second assessment to pay coupons number two applied upon his coupons number one, for which the prior assessment had been levied.

Affirmed.

ANDERS, DUNBAR, GORDON and REAVIS, JJ., concur.